**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICIA B. HUGHES, | |
| Plaintiff, | CIVIL ACTION NO. 3:06-CV-1649 |
| v. | (JUDGE CAPUTO) |
| MICHAEL J. ASTRUE, Commissioner of Social Security | |
| Defendant. | |

## MEMORANDUM

Presently before the Court are Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 11) and Plaintiff Patricia B. Hughes' Objections to the Magistrate Judge's Report and Recommendation (Doc. 12). The Magistrate Judge recommended that the Court deny Plaintiff's appeal of the Commissioner's decision. For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendation and overrule Plaintiff's Objections. Accordingly, Plaintiff's appeal will be denied.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the

extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**DISCUSSION**

To determine whether an individual is disabled for social security purposes, the Commissioner employs a five-step analysis.  The Commissioner must sequentially determine:  (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe physical or mental impairment; (3) whether the applicant's impairment meets or exceeds a listed impairment; (4) whether the applicant's residual functional capacity permits the applicant to perform past relevant work; and (5) whether the applicant's residual functional capacity permits the applicant to perform other work.  20 C.F.R. § 416.920 (2004).

The Commissioner's factual findings must be deemed conclusive unless the reviewing court finds they are not supported by substantial evidence.  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Substantial evidence is "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  Substantial evidence is less than a large or considerable amount of evidence; it only requires enough relevant evidence that a reasonable mind might accept it as adequate to support a conclusion.  *Hartranft v. Apfel,*

181 F.3d 358, 360 (3d Cir. 1999). Evidence is not substantial if it is overwhelmed by other evidence. *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

In the instant matter, Plaintiff objects to the Magistrate Judge's recommendation that the Court deny Plaintiff's appeal. Plaintiff argues that the Magistrate Judge erred by affirming the ALJ's determination that Plaintiff did not have a severe impairment at step two of the five step analysis. Plaintiff contends that her right hip pain is a severe impairment. Plaintiff also asserts that the opinion of her treating physician, Dr. Gibson, was not given controlling weight. Finally, Plaintiff submits that a consultative exam should have been ordered by the ALJ. As a result, the Court will conduct a *de novo* review of the decisions of the ALJ relating to these issues only.

## I.     Plaintiff's Hip Pain

Plaintiff asserts that the Magistrate Judge erred in affirming the ALJ's determination that she did not have a severe impairment. Plaintiff argues that step two "may only be used to screen out the de minimis claims."

Step two of the sequential evaluation places the burden on the claimant to show the impairment's severity. Under 20 C.F.R. § 404.1520(c), a severe impairment is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." An impairment is severe when it is "of a magnitude sufficient to limit significantly the individual's physical or mental ability to do basic work activities." *Santise v. Schweiker*, 676 F.2d 925, 927 (3d Cir. 1982). Basic work activities include: physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and

speaking; understanding, carrying out and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and work situations; and dealing with charges in a routine work setting. 20 C.F.R. § 404.1521(b). Significantly, a claimant's statements alone are not enough to establish that there is a physical or mental impairment. 20 C.F.R. § 404.1528(a).

Here, Plaintiff's treating physician, Dr. Gibson, ordered several tests over a period of two years, all of which revealed normal findings. X-rays, MRIs and bone scans were all normal. In fact, the record does not contain a single medical test supporting Plaintiff's claim of hip pain. Plaintiff's subjective complaints alone are not sufficient. Indeed, they are belied by the objective medical evidence. Therefore, as the Magistrate Judge concluded, the Court finds that the ALJ's determination – that Plaintiff did not satisfy her burden of proving that her hip pain was a severe impairment – is supported by substantial evidence.

## II.     Dr. Gibson's Opinion

Plaintiff argues that the ALJ erred by failing to give controlling weight to the opinion of her treating physician, Dr. Gibson. Dr. Gibson opined that Plaintiff was totally disabled. Plaintiff claims that the ALJ improperly "played doctor."

The United States Court of Appeals for the Third Circuit has stated that:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason, The ALJ must consider the medical findings that support a

> treating physician's opinion that the claimant is disabled.  In
> choosing to reject the treating physician's assessment, an ALJ
> may not make speculative inferences from medical reports
> and may reject a treating physician's opinion outright only on
> the basis of contradictory medical evidence and not due to his
> or her own credibility judgments, speculation or lay opinion.

*Morales v. Apfel*, 225 F.3d 310, 317-18 (3d. Cir. 2000) (internal quotation marks and citations omitted).  The ALJ must evaluate every medical opinion received into evidence. 20 C.F.R. § 404.1527(d).  Although the ALJ must consider all medical opinions, those opinions which are better explained and supported through medical signs and laboratory findings may be given more weight. 20 C.F.R. § 404.1527(d)(3).  While treating physicians' opinions may be given more weight, there must be relevant evidence to support the opinion. 20 C.F.R. § 404.1527(d).  An ALJ need not automatically adopt the opinion of the treating physician. *See Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). An ALJ may reject a treating physician's opinion on the basis of contradictory medical evidence or if the opinion is unsupported by medical data. *Kurilla v. Barnhart*, No. Civ. A. 04-1724, 2005 WL 2704887, at *5 (E.D. Pa. Oct. 18, 2005).  Moreover, the determination as to whether a claimant is disabled is reserved for the Commissioner alone. *See Adorno v. Shalala*, 40 F.3d 43, 47-48 (3d Cir. 1994).

In the instant matter, after review of the medical findings and other objective evidence in the record, the ALJ determined that Dr. Gibson's opinion was not supported by any objective medical evidence, such as medical signs and laboratory findings. Rather, as noted above, each test performed upon Plaintiff revealed normal findings.  As such, the ALJ concluded that Dr. Gibson's opinion could be given little weight because it was based on Plaintiff's own subjective complaints of pain and not on the objective

medical evidence.

Contrary to Plaintiff's assertions, the ALJ neither "played doctor" nor totally disregarded Dr. Gibson's opinion. Instead, it appears that, after a thorough evaluation of the medical evidence, all of which revealed normal findings, the ALJ concluded that Plaintiff did not have a severe impairment. As mentioned above, this conclusion is supported by substantial evidence in the record.

### III.    Consultative Exam

Plaintiff conclusorily argues that the ALJ erred in failing to order a consultative examination. However, the Court agrees with the Magistrate Judge that such an examination was not required as the ALJ did not lack the medical evidence needed to make his decision. *See* 20 C.F.R. § 404.1519a.

### CONCLUSION

After careful consideration, the Court will adopt the Magistrate Judge's Report and Recommendation (Doc. 11). Therefore, Plaintiff's appeal of the Commissioner's decision will be denied.

An appropriate Order follows.

| | |
|---|---|
| July 11, 2007 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICIA B. HUGHES, | |
| Plaintiff, | CIVIL ACTION NO. 3:06-CV-1649 |
| v. | (JUDGE CAPUTO) |
| MICHAEL J. ASTRUE, Commissioner of Social Security | |
| Defendant. | |

## **ORDER**

**NOW**, this   11th   day of July, 2007, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 11), **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 12) are **OVERRULED**.

(2) The Report and Recommendation (Doc. 11) is **ADOPTED**.

(3) Plaintiff's appeal of the Commissioner's decision is **DENIED**.

(4) The Clerk of the Court shall mark this case as **CLOSED**.


         /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge